**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWARD K. SALAZAR,

        Plaintiff,

v.                                                                                              CIV  NO. 02-0657 ACT

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse or Remand the Administration Decision filed April 28, 2003 (Doc. No. 14).  The Commissioner of Social Security issued a final decision finding that the Plaintiff was not disabled and denying Social Security disability benefits.  The Plaintiff moved this Court to reverse the final decision or to remand the Administrative Decision for further proceedings.  Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the Motion to remand the Administrative Decision for further proceedings is well taken and should be granted.

### I. PROCEDURAL RECORD

Plaintiff Edward K. Salazar filed his application for benefits on April 5, 2000 alleging a disability since November 2, 1999 due to degenerative disc disease and status-post lumbar fusion

in 1996.  Tr. 46-48, 56-61.  He later amended his application to include depression.  Tr. 74-77, 87-89.

The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on December 10, 2001.  At the hearing the Plaintiff was represented by an attorney.

On January 18, 2002, the ALJ issued his decision finding the Plaintiff was not disabled.  The ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. §404.1520(a)-(f) and *Thompson v. Sullivan*, 987 F. 2d 1482, 1487 (10th Cir. 1993) -  the claimant has not engaged in substantial gainful activity since his alleged onset date; the claimant has "severe" impairments: degenerative disc disease, status-post lumbar fusion and depression; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant's statements concerning his impairments and his pain and their impact on his ability to work lack credibility because the claimant's testimony was not supported by the overall evidence in the disabling degree alleged by the claimant; the claimant retains the residual functional capacity (RFC) to perform the full range of sedentary work; the claimant cannot perform his past relevant work; the limitation imposed by the claimant's depression has not significantly diminished his residual functioning capacity; and based on his residual functional capacity to perform sedentary work, the claimant's age, his educational background and work experience, the grids direct a conclusion of "non disabled".  Tr. 13-18.

On the date of the ALJ's decision, the claimant was 43 years old, was a  "younger individual", had a high school education and was literate in the English language.  Tr. 13-18.

The ALJ entered his decision on January 18, 2002.  The Plaintiff filed a request for review within 60 days.  Tr. 8.  The Appeals Council issued its final decision on March 27, 2002 denying

Plaintiff's request for review and upholding the decision of the ALJ. Tr. 5-7.

The Plaintiff filed his complaint for court review of the ALJ's decision on June 5, 2002.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Emory v. Sullivan*, 936 F. 2d 1092, 1093 (10th Cir. 1991). The failure to apply the correct legal standard is grounds for reversal. *Byron v. Heckler*, 742 F. 2d 1232, 1235 (10th Cir. 1984). Additionally the court must reverse the decision if it is not supported by substantial evidence. *Williams v. Bowen*, 844 F. 2d 748, 750 (10th Cir. 1988). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F. 2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F. 2d 407, 414 (10th Cir. 1983)).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing a disability application. 20 C.F.R. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, supra at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of

impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past.  20 C.F.R. §§404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience.  *Id.*

### III. DISCUSSION

Plaintiff argues that the ALJ failed to follow the correct legal standards in Step 5 of the evaluation when assessing whether the Plaintiff has the RFC for sedentary work.  Plaintiff argues that once the ALJ found that the Plaintiff had three impairments which were severe within the meaning of the Regulations -  degenerative disc disease, status-post lumbar fusion and depression - one of which was a non-exertional impairment (depression), the ALJ should have used the testimony of a vocational expert to help him evaluate whether, considering the combination of impairments, the Plaintiff had the RFC for sedentary work.

The Court agrees that the ALJ failed to follow the correct legal standards in this case. The ALJ should have used a vocational expert to help him evaluate whether the Plaintiff had the RFC for sedentary work.  The Regulations require that "[t]he determination of mental RFC is crucial to the evaluation of an individual capacity to engage in substantial gainful work activity when the criteria of the listings for mental disorders are not met or equaled but the impairment is nevertheless severe."  20 C.F.R. Part 404, Subpt. P, App. 1 §12.00(A).  "Whenever a claimant's residual functional capacity is diminished by both exertional and nonexertional impairments, the

Secretary must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy. (citation omitted) A severe mental impairment is such a nonexertional impairment." *Hargis v. Sullivan*, 945 F. 2d 1482, 1491 (10th Cir. 1991).

The ALJ relied upon the medical vocational guidelines (the grids), 20 C.F.R. §404, Subpt. P, App.2, to support his finding in Step 5 that the Plaintiff was not disabled and that there were sufficient jobs in existence in the national economy that the Plaintiff could perform given his RFC. However, the grids are particularly inappropriate when the Claimant has a nonexertional impairment such as depression. *Hargis*, supra at 1491.  In that case, the ALJ must rely on the testimony of a vocational expert in making his determination in Step 5 that other work exists in significant numbers in the national economy that accommodates the Plaintiff's residual functional capacity and vocational factors.

The record as a whole does not support the ALJ's finding that this particular Plaintiff with severe exertional and non-exertional impairments has the RFC for sedentary work.  While the ALJ did find that the Plaintiff's depression "has not significantly diminished his residual functional capacity", the determination whether other work exists in significant numbers in the national economy that accommodates this particular Claimant's residual functioning capacity must be established by a vocational expert.   The case must be remanded to the Commissioner for a re-determination whether the combined effects of the Plaintiff's exertional and non exertional impairments impact his residual functional capacity for sedentary work and whether other significant work exists in the national economy that accommodates this particular Claimant's impairments.  The testimony of a vocational expert must be used to support the findings of the Commissioner. *Hargis*, supra at 1492; *Wheeler v. Sullivan*, 888 F. 2d 1233, 1238 (8th Cir.

1989).

The Court finds that the rest of Plaintiff's arguments are without merit. Plaintiff argued that the record did not contain substantial evidence to support the ALJ's finding that the Plaintiff has the residual functional capacity for sedentary work. Leaving aside the issue of the whether the vocational expert was required to testify as to whether other significant work exists in the national economy that accommodates this particular Claimant's impairments, the Court finds that the remainder of the record contains substantial evidence to support the finding of the ALJ that Plaintiff retained the functional residual capacity to perform sedentary work on a sustained basis. Plaintiff's treating physician, Dr. Feil, stated that Plaintiff, if re-trained, could do a desk-type job "where he would be able to get up every 40 or 50 minutes and walk around for five or ten minutes ... He can't do anything where he has to do bending, lifting, twisting , stooping, crawling, or carrying anything greater than ten pounds on very rare occasions." (Tr. 93). Sedentary work, as defined by the regulations, 20 C.F.R. §404.1567 (a) involves lifting no more than 10 pounds at a time, sitting and occasional walking and standing. The ALJ did not reject Dr. Feil's opinion but agreed with his assessment that Plaintiff was capable of sedentary work because, by definition, it did not involve lifting more than 10 pounds. Dr. Feil only stated that Plaintiff could not carry objects <u>greater than</u> ten pounds except on very rare occasions. That comports with the definition of sedentary work which requires that the claimant be capable of carrying <u>ten pounds or less</u>. The Functional Capacity Evaluation, conducted by Physical Therapist Chris Boling, is also consistent with Dr. Feil's opinion that Plaintiff should be able to work in a sedentary work level for an 8 hour day. Tr. 147.

Plaintiff also argues that the ALJ did not consider his pain when making his determination.

The ALJ determined that the claimant's testimony and reports of pain and functional restrictions were not supported by the evidence overall in the disabling degree alleged.  The ALJ found that the testimony of pain lacked credibility.  Tr.15.  The Tenth Circuit has developed case law concerning pain and its evaluation.  *Luna v. Bowen*, 834 F. 2d 161, 163 (10th Cir. 1987).  An analysis of pain requires the ALJ to consider the entire case record including the objective medical evidence, the individual's own statements about symptoms, statements or other information provided by treating physicians or psychologists and any other relevant evidence.  The ALJ must determine 1) whether the claimant has established, by objective medical evidence, a pain producing impairment, 2) if so, whether there is a loose nexus between that impairment and the claimant's subjective complaints of pain, and 3) if so, whether considering all the evidence, claimant's pain is disabling. *Glass v. Shalala*,  43 F. 3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, supra.)

     The Plaintiff established a pain producing impairment, degenerative disc disease.  Tr. 113, 114, 162-164.  A nexus exists between the pain producing impairment and his subjective complaints of pain.  He was diagnosed with Pain Disorder with Physical and Psychological Factors on November 11, 2001, approximately a month before his hearing before the ALJ.  Tr. 143-146.  However, the record as a whole does not demonstrate that Plaintiff's pain is disabling.  For example, Dr. Klein, the psychologist who diagnosed claimant with Pain Disorder, reports that Mr. Salazar uses two to three Darvocets for pain on his bad days but sometimes none at all, Tr. 143, which is consistent with other evidence in the record.  Dr. Klein also reports that Mr. Salazar uses Indocin as needed for his ankle pain and his sleep is fair.  In November 2001, Mr. Salazar had not initiated the Neurontin, which he had been given as a possible medication for pain. Tr.

143. Claimant's statement of medications dated December 4, 2001 however lists the Neurontin as one of his medications. Tr. 88.

The ALJ made specific findings in his decision why the Claimant's reports of disabling pain were not credible. The ALJ noted that the objective findings from a neurosurgical consultation of February 7, 2000, the treating physician's reports dated December 22, 2000 and the functional capacity evaluation of March 5, 2001 did not support the Claimant's reports of disabling pain. Moreover, Plaintiff's own reports of his daily activities did not support his reports of disabling pain. Plaintiff stated he was capable of driving his car, shopping for groceries, running errands, going out to lunch and exercising and stretching regularly. Tr. 15,16.

The Plaintiff argues that the ALJ misstated facts contained in his Daily Activities Questionnaire and ignored evidence supportive of his claim of disability. Plaintiff completed two Daily Activities Questionnaires dated April 20, 2000 and January 5, 2001. Tr. 68-73, 80-85. The ALJ quoted from the Daily Activities Questionnaire in support of his decision. Tr. 15-16. The ALJ also stated that the claimant's reports of functional restrictions were not supported by the evidence overall to the disabling degree alleged and were therefore not credible.

The ALJ's credibility determination is generally treated as binding upon a Court on review. *Gossett v. Bowen*, 862 F. 2d 802, 807 (10th Cir. 1988). Credibility determinations are the province of the fact finder. They will not be disturbed when such determinations are supported by substantial evidence. *Diaz v. Secretary of HHS*, 898 F. 2d 774, 777 (10th Cir. 1990). There is substantial evidence in the record, particularly from the medical records, to support the findings of the ALJ as to the Plaintiff's overall daily functioning and his credibility as to his own reports of daily living, functional restrictions and pain.

Plaintiff lastly argues that the ALJ failed to develop the record concerning Plaintiff's depression. To the contrary, the ALJ documented the technique required in 20 C.F.R. §§404.1520(a) & 416.922(a) in the body of the decision as is allowed by 20 C.F.R. §416.922(e). First, the ALJ found that the mental impairment of depression was severe. Secondly, he found that the mental impairment did not meet one of the impairments listed in Appendix 1, Subpt. P, Regulations No. 4. The ALJ found that the claimant's depression had not resulted in at least two areas of "marked" limitation of function as required by Part B of Listing 12.04. During the hearing, the Claimant testified about his activities of daily living, his social functioning, and his concentration. Tr. 186-191, 193, 197-8. There is no evidence in the record of episodes of decompensation. The record contains substantial evidence to support the ALJ's finding that Claimant's depression has not resulted in marked limitation in two areas of functioning as defined by the Regulations.

The ALJ found that Claimant's depression had been diagnosed as borderline. Tr. 142. The ALJ further found that the Claimant's depression had not significantly diminished his RFC for sedentary work. While this latter finding should have been supported by the testimony of a vocational expert, the finding by the ALJ demonstrates that at all times, the ALJ was considering the effect of Claimant's depression and developed the record sufficiently except for the last step, Step 5. The ALJ was not required to order further evidence concerning the Claimant's depression. In fact, the Caase Development Sheets state that a mental Daily Activities Questionnaire was sent to the Claimant and that a letter was sent on December 27, 2000 asking the Claimant to return the Questionnaire. Tr. 139. The Commissioner is under no obligation to further develop the record concerning Claimant's depression. *Diaz v. Secretary of HHS*, 898 F.

2d 774, 778 (10th Cir. 1990).

      IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand be GRANTED. This case is remanded to the Administrative Law Judge for proceedings consistent with this Memorandum Opinion and Order.

                                              _____
                                              ALAN C. TORGERSON
                                              UNITED STATES MAGISTRATE JUDGE